# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 5, 2018

```
* * * * * * * * * * * *
ROSALIE HELEN PEDERSEN,          *      UNPUBLISHED
                                 *
         Petitioner,             *      No. 17-1562V
                                 *
v.                               *      Special Master Gowen
                                 *
SECRETARY OF HEALTH              *      Petitioner's Motion for Dismissal;
AND HUMAN SERVICES,              *      Influenza (Flu); Guillain Barré
                                 *      Syndrome (GBS).
         Respondent.             *
* * * * * * * * * * * *
```

Jeannette Poyerd-Loiacono, Staten Island, NY, for petitioner.
Amy Paula Kokot, United States Department of Justice, Washington, DC for respondent.

## DECISION DISMISSING PETITION[1]

On October 19, 2017, Rosalie Helen Pedersen ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS") as the result of an influenza ("flu") vaccination she received on November 10, 2014. Petition at Preamble, ECF No. 1.

On October 22, 2018, petitioner filed a motion for a decision dismissing her petition. Petitioner's Motion to Dismiss, ECF No. 20. The Motion notes that "[a]n investigation of the facts and science supporting [petitioner's] case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Id. at ¶ 1. The Motion also provides that petitioner understands that a decision by the special master dismissing her petition will result in a judgment against her and will end all of her rights in the Vaccine Program. Id. at ¶

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

3. Petitioner intends to protect her rights to file a civil action in the future, and, therefore, pursuant to 42 U.S.C. § 300aa-21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and to file a civil action. *Id.* at ¶ 6. Petitioner understand that respondent expressly reserves the right, pursuant to Section 15(e), to question the good faith and reasonable basis of petitioner's claim and to oppose, if appropriate, her application for costs. *Id.* at ¶ 5.

On November 5, 2018, respondent indicated in an email to my law clerk that he does not oppose petitioner's Motion. This matter is now ripe for review.

To receive compensation under the Program, petitioner must prove either: (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to a vaccination; or (2) that her alleged injury was actually caused by a vaccine. *See* §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not support a finding that petitioner suffered a "Table injury." Further, the record does not contain persuasive evidence indicating that petitioner's GBS was caused-in-fact by the flu vaccination she received on November 10, 2014.

Under the Vaccine Act, the Program may not award compensation based solely on a petitioner's own claims. Rather, a petitioner must support her claim with either medical records or the opinion of a competent physician. § 300aa-13(a)(1). In this case, the medical records do not establish causation either as a "Table injury" or by causation-in-fact, and petitioner has not filed an expert report in support of her claim. Petitioner has not met her burden of proof and her claim therefore cannot succeed and must be dismissed. § 11(c)(1)(A).

**Thus, petitioner's Motion is GRANTED and this case is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master